UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD G. MUELLER and ARLYENE :
MUELLER,
                                      :     Civil Action No.: 11-cv-01413 (RNC)

             Plaintiffs,   :     **ANSWER**

   - against -

AMERICAN CRUISE LINES, INC.,

            Defendant.

Defendant AMERICAN CRUISE LINES, INC. by and through its attorneys, RUBIN, FIORELLA & FRIEDMAN LLP, as and for its Answer to the Complaint of RICHARD G. MUELLER and ARLYENE MUELLER (hereinafter "Plaintiffs"), states upon information and belief, as follows:

1. Denies the allegations contained in paragraph one of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph two of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph three of the Complaint.

4. Admits the allegations contained in paragraph four of the Complaint.

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph five of the Complaint.

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph six of the Complaint.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seven of the Complaint.

8.  Admits the allegations contained in paragraph eight of the Complaint.

9.  Admits that Exhibit A of the Complaint is a "Ticket / Boarding Pass", but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph nine of the Complaint.

10. Denies the allegations contained in paragraph ten of the Complaint..

11. Denies the allegations contained in paragraph eleven of the Complaint.

12. Denies the allegations contained in paragraph twelve of the Complaint.

13. Denies the allegations contained in paragraph thirteen of the Complaint.

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or cause of action upon which relief can be granted.

## AS AND FOR A SECOND SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

Any injuries or damages, as alleged in the Complaint, which are denied, were caused in whole or in part and/or were contributed, through the negligence, fault, want of care, and/or culpable conduct of plaintiffs, and/or on the part of others, without any negligence on the part of defendant, and defendant seeks a dismissal or reduction in any recovery that may be had by the plaintiffs, in the proportion to the negligence, fault, want of care, and/or culpable conduct attributable to plaintiffs, and/or others, which caused said injuries or damages.

## AS AND FOR A THIRD SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

Any injuries or damages, as alleged in the Complaint, which are denied, were the result of the fault, neglect, breach of duty of care by plaintiffs, and/or on the part of others, over whom defendant exercises no legal authority or control, and for whom defendant cannot be held liable as a matter of law.

## AS AND FOR A FOURTH SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

Negligence, if any, on the part of defendant was not the proximate cause of any alleged injuries or damages alleged by plaintiffs, which are denied.

### AS AND FOR A FIFTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by applicable statutes of limitations, repose, laches and/or estoppel as governed by applicable state law.

### AS AND FOR A SIXTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

Any injuries or damages, as alleged in the Complaint, which are denied, were solely and proximately caused by the failure of the plaintiffs to exercise that degree of ordinary care that a reasonably prudent person would have exercised under the same or similar circumstances.

### AS AND FOR A SEVENTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

Any injuries or damages, as alleged in the Complaint, which are denied, are a continuation of injuries, damages or conditions that existed prior to or came into existence subsequent to the time of the alleged collision.

### AS AND FOR A EIGHTH SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

Defendant, a vessel owner, claims all rights and defenses pursuant to 46 U.S.C. §30501 *et seq.*, relating to proceedings for Exoneration from or Limitation of Liability, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedures, and Rule

"F" of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

**WHEREFORE**, Defendant AMERICAN CRUISE LINES, INC. demands:

a. Judgment in his favor dismissing Plaintiffs' Complaint with prejudice;

b. Costs including reasonable attorneys' fees be assessed against Plaintiffs; and

c. Such other and further relief as the Court may deem just and proper.

Dated: October 25, 2011

        **RUBIN, FIORELLA & FRIEDMAN LLP**
        *Attorneys for Defendant,*
          *AMERICAN CRUISE LINES, INC.*

        By: _____
        Gerald A. Greenberger, Esq.
        Federal Bar No. CT 27090
        292 Madison Avenue, 11th Floor
        New York, NY 10017
        Ph: 212-953-2381
        Fax: 212-953-2462
        E-Mail: Ggreenberger@rubinfiorella.com
        Our File No.: 431-21270

To:

    Charles J. Filardi, Jr.
    Filardi Law Offices LLC
    65 Trumbull St., 2nd Floor
    New Haven, CT 06510
    *Attorney for Plaintiffs,*
        *RICHARD G. MUELLER and*
        *ARLYENE MUELLER*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

**M. DEE FRENETTE**, being duly sworn, says:

I am not a party to this action; I am over 18 years of age; I reside at Manhattan, New York.

On October 25, 2011, I served the within **ANSWER and RULE 7.1 STATEMENT** upon:

>Charles J. Filardi, Jr.
>Filardi Law Offices LLC
>65 Trumbull St., 2nd Floor
>New Haven, CT 06510
>*Attorney for Plaintiffs,*
>   *RICHARD G. MUELLER and*
>   *ARLYENE MUELLER*

the address designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

M. DEE FRENETTE

Sworn to before me this
25th day of October, 2011

Notary Public

SUSAN RYAN
Notary Public, State of New York
No. 43-4912244
Qualified in Richmond County
Commission Expires November 9, 2013

Our File No. 431-21270

- 1 -